AVRAM D. WHITE ESQ. (AW5020)
WHITE AND CO, ATTORNEYS AND COUNSELLORS LLC
523 PARK AVENUE, SUITE 3
ORANGE, NEW JERSEY 07050
9736690857 | 8884811709 FAX
Email: avram@whiteandcolaw.com
Counsel to the Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Case No.: 23-11272-JKS |
| JUAN CARLOS JIMENEZ, <br><br> DEBTOR. | COUNSEL CERTIFICATION IN RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO SELL |

Avram D. White respectfully says as follows:

1. I am counsel to the debtor in the above bankruptcy case.

2. I am filing this certification in response to the Trustee's objection to the Motion to Sell.

3. The property at issue is 10 Grant Street, Utica New York.

4. The Trustee raised several concerns in her objection.

5. The debtor has filed a separate certification addressing the marketing of the property and the absence of any relationship with the potential buyer.

6. I am in a better position to address the Trustee's concerns regarding the discrepancy between the creditor's notice and scheduled in this case and the claims filed.

7. This case is the debtor's third bankruptcy filing.

COUNSEL CERTIFICATION IN RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO SELL - 1

8. The debtor first filed bankruptcy, pro-se, in 2019.

9. Like many pro-se debtors his case was floundering because of the difficulty of prosecuting a bankruptcy with multiple pieces of real estate, with delinquent mortgages and, in addition, with irregular income.

10. He decided to retain my office for assistance several months into the first case.

11. Shortly after he retained my office it became apparent that it would be better to refile a new case and the initial case was dismissed.

12. The debtor's second bankruptcy, with attorney representation, was filed in 2019.

13. The creditors listed in the second bankruptcy were taken from a credit report run by my office but also from the creditors that the debtor provided in the first case.

14. In the instant case an updated credit report was obtained but the original creditors that the debtor listed were noticed and scheduled because from 2019 to present, with the exception of several months, the debtor has been in an active Chapter 13 case.

15. Quite simply, if the debtor believed these were his debts in 2019, they would have likely remained his debts in 2023.

16. It is entirely possible that in 2019 most of the debts the debtor listed either were not owed or the creditors declined to file claims.

17. The 2019 case that my office filed only had 4 general unsecured claims and three of those four claims were fairly small with only Midland Credit Management with a larger claim of more than $5,000.00.

COUNSEL CERTIFICATION IN RESPONSE TO TRUSTEE'S OBJECTION TO MOTION TO SELL - 2

18. In this case Midland Credit Management was noticed at five different addresses but still did not make a claim.

19. Although it is not clear why they decided not to file a claim it should be inferred that this decision was not due to lack of notice.

20. This transaction is the debtor's best opportunity to reorganize and dispose of real estate that contains equity and has proven difficult to manage and fend off foreclosure.

21. It is respectfully requested that the Court confirm the motion to sell 10 Grant Street, Utica, New York over the objections of the Chapter 13 Trustee.

I certify the facts set forth in this Certification are true. I understand if this certification contains willfully false statements, I am subject to punishment.

<u>AUGUST 8, 2023</u>                             /s/ Avram D. White
                                                              Attorney Name